UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WISSAM AJIB NASR,

              Petitioner,

v.

WARDEN OF GOLDEN ANNEX
DETENTION FACILITY,

              Respondent.

No. 1:26-cv-01376-DJC-JDP

ORDER

Before the Court is Petitioner Wissam Ajib Nasr's Petition for a Writ of Habeas Corpus (ECF No. 1).  Petitioner is a noncitizen who has been detained by Respondent pursuant to 8 U.S.C. § 1226(a) since December 2025.  (Suppl. Br. (ECF No. 16) at 1, 3; Opp'n (ECF No. 11) at 4.)  This statute permits the detention of noncitizens pending a decision on whether they can be removed from the United States.  8 U.S.C § 1226(a).  Section 1226(a) affords noncitizens a statutory right to a bond hearing before an immigration judge.  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025) (citing 8 C.F.R. § 1236.1(d)).  In January 2026, Petitioner appeared before an Immigration Judge and was denied bond.  (Suppl. Br. at 3.)  Petitioner now challenges the adequacy of that bond hearing.

*////*

1

When reviewing an immigration judge's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024).  Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard."  *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).  Thus, the Court's review is effectively limited to whether the immigration judge's decision "reflects 'clear legal error' or is unsupported by sufficient evidence."  *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

None of Petitioner's arguments that the Immigration Judge committed clear legal error are persuasive.  First, Petitioner is incorrect that the Immigration Judge applied the wrong standard.  Petitioner asserts that Immigration Judge failed to place the burden on the Government to prove "by clear and convincing evidence that the noncitizen detainee is a danger or flight risk."  (Suppl. Br. at 1.)  However, at a bond hearing held pursuant to section 1226(a), it is the detainee's burden to show by a preponderance of the evidence that they are not a risk of flight or danger to the community.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing *Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).  The Ninth Circuit has explicitly rejected the argument that placing this burden on detainees violates the Due Process Clause.  *Id.* at 1210–1211.  Petitioner's cited cases address bond hearings held pursuant to the Due Process Clause, not those held in accordance with the procedures set forth by section 1226, and thus do not dictate the applicable standard.

Petitioner's second argument fails for similar reasons.  Petitioner asserts that the Immigration Judge deemed Petitioner a flight risk based on a categorical determination that his asylum application was weak rather than supplying the individualized assessment required by 8 U.S.C. § 1226(a).  (Suppl. Br. at 14–15.)  Even setting aside the fact that the cases Petitioner relies on evaluate due process bond hearings at which the Government bears the burden of proof, this argument remains

unpersuasive as the Immigration Judge did provide individualized review.  When assessing whether a detainee is a danger to the community or risk of flight, an immigration judge "may consider . . . any or all" of the following nine factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40) (internal quotation marks omitted).  Petitioner argues the Immigration Judge improperly and categorically denied bond based on an assessment of the strength of Petitioner's asylum application.  (Suppl. Br. at 13; ECF No. 16-1 at 7.)  In support of this argument, Petitioner directs the Court to this statement by the Immigration Judge:

> "Counsel, he has very limited history here in the United States, and I have concerns, I don't think his parents' case is that strong.  To be quite honest with you, seeing what you have submitted here.  So I would find that he is a flight risk. Especially with- he has very limited ties to the United States, he has under eighteen months that he has lived in the United States.  I recognize he came in on a B2, but he doesn't really have anything that ties him here that would allow him to stay. The application he does have does not appear to be a very strong one.  I will be denying his application, denying his bond request, finding that he has not shown he is not a flight risk.

(ECF No. 16-1 at 7; *see also* Suppl. Br. at 13.)  Contrary to Petitioner's assertions, in this quote, the Immigration Judge appears to have properly considered factors two and three of the nine permissible factors based on facts particular to Petitioner's case.

*////*

Finally, though Petitioner argues that both the current Administration's policy and statistical evidence indicate immigration judges no longer serve as impartial adjudicators, Petitioner does not supply evidence of bias by this Immigration Judge in this particular proceeding.  (*See* Suppl. Br. at 4–11.)

**CONCLUSION**

As neither party objects to this Court ruling on the merits of the underlying Petition (*see* ECF No. 18), the Court does so here.  Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

2. As the Court does not rely on any of the articles submitted in support of the Petition in resolving this Motion, Petitioner's Request for Judicial Notice (ECF No. 21) is DENIED.

3. The Clerk of the Court is directed to close this case and enter judgment for Respondent.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 18, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Nasr26cv01376.merits

4